## STATE v PIZZURO

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3044. Decided Oct. 3, 1939.

Roland G. Allen, Police Prosecutor, Columbus, for plaintiff-appellant.

John F. Seidel, Columbus, for defendant-appellee.

### OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The action originated in the Municipal Court of the City of Columbus, Ohio, Criminal Division, Honorable Wayne Fogle, presiding. In the Munnicipal Court the defendant was charged with violation of the minimum wage law, §154-45-r, GC. In the hearing before the Municipal Court the defendant was found guilty under one of the specifications, and thereafter prosecuted error to the Court of Common Pleas of Franklin County. Defendant filed his petition in error in the Common Pleas Court on June 7, 1938. On September 13, 1938, appellee filed a motion asking that the petition in error be dismissed on the claimed ground that plaintiff in error, Joseph Pizzuro, did not at the time of the filing of his said petition in error or at any time subsequent thereto file an opening brief with the court in support of said error proceedings as required under Court Rule XII, which provides that, "Opening briefs shall be filed with the petition in error."

On February 27, 1939, the Court dismissed the petition in error as evidenced by the following entry, omitting the caption:

"This day this cause came on for hearing upon the motion of the defendant in error to dismiss the petition in error filed herein and the court being fully advised in the premises, finds that the motion is well taken and hereby sustains the same.

"It is therefore ordered, adjudged and decreed by the court that the said motion be and it hereby is sustained and the petition in error filed herein is dismissed.

"It is further ordered that a special mandate be sent to the Municipal Court of the City of Columbus, Ohio, for the enforcement of this judgment and sentence of the court, all at the costs of the plaintiff in error. To all of which orders, judgments and rulings of the court defendant excepts and his exceptions are hereby noted.

Randall, J."

Thereafter defendant Pizzuro filed notice of appeal to this court.

Under this state of the record the only question before us for determination is the judgment and order of the Common Pleas Court dismissing the proceedings in error for failure to file brief as prescribed under Rule XII.

It is proper to state that the counsel now representing the appellant is not the same as the one directing the case in the Municipal Court, and afterwards appearing in the Common Pleas Court up to the time that the petition in error was dismissed.

Present counsel for appellant devotes about seven pages of his brief to a discussion of the question on the merits and about one-half page to the only question that is before us, to-wit, tlie judgment of the court in dismissing defendant's petition in error. No evidence was taken in the Common Pleas Court on the motion, and obviously the Court based his order and judgment on the state of the record, together with Rule XII. From the transcript of docket and journal entries and filing dates on original papers it clearly appears that counsel for defendant failed to comply with Rule XII. The only question urged in appellant's brief in this Court in support of their request for reversal is the following:

"We feel that inasmuch as a brief was filed before the court passed on the matter we should have been entitled to a decision on the merits of the assignment of errors set forth in the petition on appeal."

All courts have the right to promulgate rules of procedure so long as the same are reasonable and not in conflict with any direct provision of law.

No claim is made that the rule is unreasonable nor that it conflicts with any law.

Whether or not the Court of Common Pleas will enforce its rules is a matter wholly within the discretion of the court and will not be disturbed by a reviewing court in the absence of a showing of abuse of discretion. No showing having been made as to any such abuse, this Court has no alternative except to affirm the judgment.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.